RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
RACHEL WATERS (CSB No. 289202)
rachel@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
TRUTHFINDER, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUTHFINDER, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No: 3:20-cv-02415-BEN-DEB<br><br>**DEFENDANT TRUTHFINDER, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A (5th Floor)<br>Date: April 12, 2021<br>Time: 10:30 am |

## I. INTRODUCTION

Plaintiff's entire Complaint stems from the alleged receipt of one text message. Plaintiff's claims fail because she does not allege facts that make it plausible that TruthFinder sent the text message or that the text message was sent by an automatic telephone dialing system ("ATDS"). In the alternative, the Court should stay this case pending the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, which will interpret the definition of an ADTS. In the interests of judicial economy, the Court and the parties should not proceed with discovery, resolving discovery disputes, expert reports, and dispositive motions before the Supreme Court clarifies this critical governing legal standard.

## II. STATEMENT OF FACTS

Plaintiff alleges that she received a text message that read "Hi Maria Your Funding Application Approval on po box 891 – www.qlezrww.co/KOX9d3D." ECF 1 ("Compl.") ¶ 10. Plaintiff alleges that below this message was the same internet link under the heading "Reveal Truth." *Id.* The text message was allegedly sent by the phone number (832) 210-1864 to Plaintiff's cell phone. *Id.* ¶¶ 10, 12. According to Plaintiff, she clicked on the link and was "directed to a website promoting Defendant's products and services." *Id.* ¶ 10. The text message was allegedly sent using "Defendant's *SMS Blasting Platform*," though Plaintiff does not define this term or provide any other facts about this alleged platform. *Id.* ¶ 11.

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, if accepted as true, state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 557). The court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

The proponent of a stay bears the burden of showing such relief is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Id.* at 706.

## IV. <u>ARGUMENT</u>

### a. Plaintiff's Complaint Should Be Dismissed for Failing to State a Claim Against TruthFinder

To properly plead a claim under the Telephone Consumer Protection Act ("TCPA"), a plaintiff must allege that (1) the defendant called or text messaged a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"). *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Rogers v. Postmates Inc.*, No. 19-cv-05619-TSH, 2020 U.S. Dist. LEXIS 121831, at *7 (N.D. Cal. July 9, 2020). Plaintiff has not plausibly alleged either of these elements.

#### i. <u>It Is Not Plausible That TruthFinder Sent the Text Message</u>

Plaintiff's claims fail because she does not plausibly allege that TruthFinder sent the text message. Liability under the TCPA requires that the defendant either directly made the call or had an agency relationship with the person who made the call. *Rogers v. Postmates Inc.*, No. 19-cv-05619-TSH, 2020 U.S. Dist. LEXIS 36626, at *6 (N.D. Cal. Mar. 3, 2020). The only relevant statements in the Complaint are (1) that Plaintiff allegedly received a text message "from Defendant" or "from Defendant's phone number" (Compl. ¶¶ 9–10), and (2) that the text

message, which did not reference TruthFinder, allegedly contained a link to a website "promoting Defendant's products and services" (Compl. ¶ 10). Neither allegation makes it plausible that TruthFinder sent the text message.

Plaintiff's bare statements that she received a text from Defendant or from Defendant's phone number are mere conclusions. *See* Compl. ¶¶ 9–10. Courts routinely dismiss TCPA claims when a plaintiff makes only conclusory allegations that a defendant sent a text message. *See, e.g.*, *Rogers*, No. 19-cv-05619-TSH, 2020 U.S. Dist. LEXIS 36626, at *6 ("Rogers has made only a conclusory allegation that Postmates was directly involved in transmitting the April 8, 2019 text to him . . . . But no facts he has alleged support a plausible inference that Postmates itself sent the text."); *Canary v. Youngevity Int'l*, Inc., No. 5:18-cv-03261-EJD, 2019 U.S. Dist. LEXIS 46429, at *6–14 (N.D. Cal. Mar. 20, 2019) (dismissing TCPA claim where the plaintiff alleged that he "understands and believes" that an authorized sales agent acting on behalf of the defendant made a call because it lacked factual support); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-cv-03131-WHO, 2013 U.S. Dist. LEXIS 175320, at *35–36 (N.D. Cal. Dec. 13, 2013) (dismissing TCPA claim where the plaintiff did not allege "facts explaining plaintiff's basis for believing" that the defendants were responsible for sending him automated calls).

Nor does Plaintiff's allegation that the text message contained a link to a website with promotions for TruthFinder's products and services make her claim plausible. *See* Compl. ¶¶ 9–10. In *Rogers*, for example, the plaintiff alleged that he received a text message naming the defendant—"PostMates needs you"—with a link that directed him to a Postmates URL. *Rogers v. Postmates Inc.*, No. 19-cv-05619-TSH, 2020 U.S. Dist. LEXIS 36626, at *2. But the Court held that the plaintiff "failed to plausibly plead that Postmates is directly or vicariously liable for the alleged violation of the TCPA." *Id.* at *5–6. The *Rogers* court found that the plaintiff did not allege facts that made it plausible that (1) Postmates itself—rather than a marketer acting on Postmate's behalf—sent the text, or (2) that Postmates

had an agency relationship with the person or entity that sent the text message. *Id.* at *6–16. Plaintiff's allegations are far less plausible than those in *Rogers*. "TruthFinder" was not even mentioned in the alleged text message. Further, her allegation that the text message contained a link to "a website" that happened to have promotions for TruthFinder's products and services is even more attenuated allegation than those in *Rogers*. *See* Compl. ¶ 10. Just because the website allegedly had this promotion does not make it plausible that TruthFinder owned the website, much less that it sent the text message.

ii. It Is Not Plausible That an ATDS Sent the Text Message

Under the TCPA, Plaintiff must allege that the text message was sent by an ATDS. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Forney v. Hair Club For Men Ltd.*, No. CV 16-9640-R, 2017 U.S. Dist. LEXIS 214251, at *3 (C.D. Cal. June 26, 2017). An ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff has not plausibly alleged this element. Here is the only relevant allegation:

> This text message placed to Plaintiff's cellular telephone was placed via Defendant's *SMS Blasting Platform*, i.e., an "automatic telephone dialing system," ("ATDS") as defined by *47 U.S.C. § 227(a)(1)* as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

Compl. ¶ 11. This conclusory sentence does not make it plausible that an ATDS was used.

Plaintiff's bare assertion that the text message sent using an ATDS and citation to the statute is a legal conclusion that the Court may disregard. Indeed, this Court has held that

> [a]s an isolated assertion, it is conclusory to allege that messages were sent "using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." Such a naked assertion need not be taken as true.

*Knutson v. Reply!, Inc.*, No. 10-CV-1267, 2011 U.S. Dist. LEXIS 7887, at *5 (S.D.

Cal. Jan. 26, 2011) (Benitez, J.) (quoting *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)).

Other courts have also found that merely alleging that a call or text message was sent from an ATDS is insufficient. *See, e.g.*, *Forney v. Hair Club For Men Ltd.*, No. CV 16-9640-R, 2017 U.S. Dist. LEXIS 214251, at *4–5 (C.D. Cal. June 26, 2017); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 U.S. Dist. LEXIS 35596, at *11 (N.D. Ohio Mar. 18, 2016). For example, in *Forney v. Hair Club For Men Ltd.*, the court dismissed a TCPA claim because the plaintiff merely pled that the defendant called her from an ATDS. *Id.* at *4–5. The Court found that a plaintiff must allege at least some factual details tending to show that a received call was from an ATDS. *Id.* Such details may include scripted or impersonal messages, text messages that were formatted in SMS short code, or a robotic sounding voice. *See id.*; *Knutson*, No. 10-CV-1267, 2011 U.S. Dist. LEXIS 7887, at *5–6.

Plaintiff has pled no facts tending to show that the text message was sent from an ATDS. The text message appears to have been intended for someone named "Maria" about the address "po box 891," which cuts against an inference that the text message was randomly generated or impersonal. Compl. ¶ 10; *see Daniels v. Comunity Lending, Inc.*, No. 13cv488-WQH-JMA, 2015 U.S. Dist. LEXIS 16196, at *19–20 (S.D. Cal. Feb. 9, 2015) (dismissing TCPA claim because calls appeared to be directed at an individual rather than random). And the text message was allegedly sent from a telephone number, not an SMS short code. Compl. ¶ 9. The only other relevant allegation is Plaintiff's single sentence stating that the text message was sent "via Defendant's *SMS Blasting Platform*." Compl. ¶ 11. Plaintiff does not allege any details about the "SMS Blasting Platform"—whatever that is—much less that it can produce phone numbers using a random or sequential number generator. Plaintiff's claims should be dismissed because "[t]here is nothing in the complaint that allows the court to infer the calls were

randomly generated or impersonal." *Knutson*, No. 10-CV-1267, 2011 U.S. Dist. LEXIS 7887, at *6.

**b. In the Alternative, the Court Should Stay the Action**

Whether the alleged text message was sent by an ATDS is a core issue in this case. *See* Compl. ¶ 11. But the Supreme Court is set to decide a case that will resolve the following issue:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Facebook, Inc. v. Duguid*, No. 19-511 (S. Ct. Oct. 17, 2019), Pet. for Writ of Cert. at ii; *see Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *6 (N.D. Cal. Nov. 3, 2020). If the Court does not dismiss Plaintiff's Complaint, it should stay this action pending the resolution of *Facebook*.

In deciding whether to stay proceedings pending resolution of another action, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Trim*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *7 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

i. <u>Plaintiff Will Not Be Damaged by a Stay</u>

Staying this case will not damage Plaintiff. First, Plaintiff does not allege that she is currently receiving any marketing messages from TruthFinder—the allegations refer to a single past text message. Second, Plaintiff cannot show damage because of the likely short duration of the stay. *See Trim*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *8. Third, the "[m]ere delay in receiving damages is an insufficient basis to deny a stay." *Id.* (quoting *Ludlow v. Flowers*

*Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 U.S. Dist. LEXIS 27246, at *6 (S.D. Cal. Feb. 18, 2020)); *see also Lockyer*, 398 F.3d at 1110–12.

ii. TruthFinder Will Suffer Hardship or Inequity Absent a Stay

Absent a stay, TruthFinder will be forced to spend significant time and resources conducting discovery based on a legal standard likely to change. Other Courts have stayed TCPA claims pending a decision in *Facebook* for the same reason. *See, e.g.*, *Trim*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *8. Because Plaintiff will not be harmed by a stay, TruthFinder's burden in litigating the case is a form of hardship. *Id.* (quoting *Arris Sols., Inc. v. Sony Interactive Entm't LLC*, No. 5:17-cv-01098-EJD, 2017 U.S. Dist. LEXIS 168520, at *6 (N.D. Cal. Oct. 10, 2017)).

iii. Judicial Economy Warrants a Stay

Judicial economy warrants a stay because if this case is not stayed, the Court may be evaluating potential liability under a standard that could soon change. Because the controlling standard for what constitutes an ATDS could materially change in less than a year, a stay would preserve judicial resources. A stay is especially appropriate at this early stage. The parties have not yet undertaken discovery and no trial date has been entered.

iv. Other Courts Have Stayed TCPA Claims Pending a Decision in *Facebook*

Many courts have issued a stay in TCPA cases pending the Supreme Court's decision in *Facebook*, which suggests that a similar stay may be appropriate here. *See, e.g.*, *Trim*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *6–13 (N.D. Cal. Nov. 3, 2020); *Thompson v. Fluent, Inc.*, No. 20-CV-2680 (VSB) (BCM), 2020 U.S. Dist. LEXIS 224591, at *4–8 (S.D.N.Y. Nov. 29, 2020); *Loftus v. Signpost, Inc.*, No. 19 cv 7984 (JGK), 2020 U.S. Dist. LEXIS 193130, at *2 (S.D.N.Y. Oct. 19, 2020); *Palmer v. Kci United States*, No. 4:19CV3084, 2020 U.S. Dist. LEXIS 204718, at *11–14 (D. Neb. Nov. 3, 2020); *Aleisa v. Square, Inc.*, No.

20-cv-00806-EMC, 2020 U.S. Dist. LEXIS 188024, at *13–21 (N.D. Cal. Oct. 9, 2020); *Sealey v. Chase Bank U.S.A.*, No. 19-cv-07710-JST, 2020 U.S. Dist. LEXIS 183537, at *2–6 (N.D. Cal. Sep. 29, 2020); *Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798, at *18–20 (E.D. La. Sep. 28, 2020).

## V. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, TruthFinder requests that the Court stay this action pending the United States Supreme Court's decision in *Duguid v. Facebook*.

Dated: March 8, 2021

Respectfully submitted,

*/s/ Rachel Waters*
Rachel Waters

Attorneys for Defendant
TRUTHFINDER, LLC